IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-60216
Conference Calendar
_____

JAMES C. METCALF,

Plaintiff-Appellant,

versus

HELEN C. ROBERTSON, UNKNOWN
McMICHAEL, and MARGIE LANCASTER,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:94-CV-769WS
- - - - - - - - - - -
June 30, 1995
Before JONES, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

On December 28, 1994, Mississippi state prisoner James C. Metcalf filed a pro se, in forma pauperis civil rights complaint, 42 U.S.C. § 1983, alleging violations of his civil rights. The district court dismissed the complaint as frivolous, 28 U.S.C. § 1915(d), because all of the claims were time-barred.

There is no federal statute of limitations for § 1983 actions, and the federal courts borrow the forum state's general personal injury limitations period. Henson-El v. Rogers, 923

_____

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

F.2d 51, 52 (5th Cir.), <u>cert. denied</u>, 501 U.S. 1235 (1991). The forum state of Mississippi has a limitations period of three years. Miss. Code Ann. § 15-1-49 (Supp. 1994). Although the federal courts look to state law to determine the applicable statute of limitations, they look to federal law to determine when the cause of action accrues. <u>Pete v. Metcalfe</u>, 8 F.3d 214, 217 (5th Cir. 1993). Under federal law a cause of action accrues at the time the plaintiff "knows or has reason to know of the injury which is the basis of the action." <u>Id</u>. (internal quotations and citation omitted).

Metcalf alleged that the defendants violated his constitutional rights by subjecting him to a sanity examination on May 2, 1990; by questioning him without giving him <u>Miranda</u>[**] warnings on June 25, 1990; and by testifying falsely against him on July 27, 1990. Although he alleges that he continues to be harmed by the alleged violations, he has alleged no facts showing any act or omission by any defendant after July 27, 1990. Therefore, Metcalf knew, or reasonably should have known, of the basis of his claim by July 27, 1990, and the district court properly dismissed the complaint as time-barred.

AFFIRMED.

---

[**] <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).